UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MEDCHOICE RISK RETENTION GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROBERT G. RAND, M.D., and RAND FAMILY CARE LLC, <br><br> Defendants. | Case No. 3:16-CV-0418-MMD (VPC) <br><br> REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is the motion of Cyndi and Edward Yenick , as Special Administrators of the Estate of Michael Yenick, and in their individual capacities, ("Yenicks") for an order permitting them to intervene in this action (ECF No. 10). Plaintiff MedChoice Risk Retention Group ("MedChoice) opposed (ECF No. 18), as did defendants, Robert G. Rand, M.D., and Rand Family Care LLC (the "Rands") (ECF No. 16). The Yenicks replied (ECF No. 29), and this order follows.

I.  **Procedural History**

The Yenicks filed their state court complaint on May 5, 2016 (ECF No. 10-1) which is a medical malpractice action for the wrongful death of their adult son Michael. That case is pending, and no judgments or dismissals have been entered (ECF No. 10 at 5-6).

MedChoice filed its complaint in this court on July 12, 2016 against the Rands and seeks (1) rescission of a professional liability insurance policy issued to the Rands based on misrepresentations and concealment, or, in the alternative, (2) for rescission of a later-issued endorsement raising policy limits, and (3) for a declaration that MedChoice has no duty to

1 defend or indemnify the underlying action brought by the Yenicks against the Rands. In its
2 declaratory relief action, MedChoice alleges both that it should be granted relief because it was
3 entitled to rescind the policy and, if the policy is not rescinded, because of several policy
4 provisions (ECF No. 1). This court has diversity jurisdiction pursuant to U.S.C. § 1332(a)(1)
5 because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs,
6 and the suit is between citizens of different states, Vermont and Nevada. (*Id.*)

## II.     Legal Standard

A court may permit anyone to intervene in an action who "has a claim or defense that shares with the main action a common question of law or fact." Fed.R.Civ.P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed.R.Civ.P. 24(b)(3). Permissive intervention "requires (1) an independent ground for jurisdiction; (2) a timely motion, and (3) a common question of law and fact between the movant's claim or defense and the main action." *Freedom From Religion Foundation, Inc. v. Geithner,* 644 F.3d 836, 843 (9th Cir. 2011) citing *Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 473 (9th Cir. 1992). "The jurisdictional requirement also prevents permissive intervention from being used to destroy complete diversity in state-law actions. 644 F.3d at 843. *See* 28 U.S.C. § 1332; Cf. 28 U.S.C. § 1367(b) (providing that, in diversity actions, "the district courts shall not have supplemental jurisdiction . . . over claims by plaintiffs against persons made parties under Rule . . . 24 . . . or over claims by persons . . . seeking to intervene as plaintiffs under Rule 24 . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.")

## III.    Discussion and Analysis

The parties assert several arguments for and against permissive intervention in this case. However, the dispositive issue concerns jurisdiction. In their state court complaint, the Yenicks admit they are residents of the State of Nevada (ECF No. 1, Exh. G, ¶¶ 1 & 2). In their proposed answer in intervention, the Yenicks admit that complete diversity exists between MedChoice and the Rands (ECF No. 29-1, paras. 5, 6, &7). If the court were to permit intervention, complete

diversity would be destroyed because the Yenicks and the Rands are Nevada residents. As the court in *Geithner* noted, permissive intervention will not be used to destroy complete diversity in state-law actions. 644 F.3d at 843. Here, this court is exercising diversity jurisdiction; therefore, the court will not permit the Yenicks to intervene in this action.

Because the court concludes that permissive intervention is denied based upon jurisdiction, the court need not address the parties' remaining arguments pursuant to Fed.R.Civ.P. 24(b).

**IV.     Conclusion and Recommendation**

IT IS THEREFORE RECOMMENDED that the Yenicks' motion to intervene (ECF No. 10) be **DENIED**.

The parties are advised:

1.     Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.     This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

DATED: October 14, 2016.

_____
UNITED STATES MAGISTRATE JUDGE