UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MEDCHOICE RISK RETENTION GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROBERT G. RAND, M.D. and RAND FAMILY CARE LLC, <br><br> Defendants. | Case No. 3:16-cv-00418-MMD-VPC <br><br> ORDER |

## I. SUMMARY

This insurance coverage dispute involves coverage under a medical professional liability policy ("the Policy") that Plaintiff Medchoice Risk Retention Group, Inc. issued to Defendants Dr. Robert G. Rand ("Rand") and Rand Family Care LLC. (ECF No. 1.) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Valerie P. Cooke to deny Cyndi and Edward Yenick's ("Intervenors"), as Special Adminstrators of the Estate of Michael Yenick, motion to intervene ("Motion"). (ECF No. 35.) The Court has reviewed Intervenors' objection to the R&R ("Objection") (ECF No. 39) and Plaintiff's response (ECF No. 41). For the reasons discussed below, the Court agrees with the Magistrate Judge's recommendation and adopts the R&R.

## II. RELEVANT BACKGROUND

On July 12, 2016, Plaintiff initiated this action to seek rescission of the Policy, recoupment of defense cost and other alternative reliefs of non-coverage or a limit on

coverage in connection with a wrongful death lawsuit that Intervenors filed against Defendants in the Second Judicial District Court in and for the County of Washoe ("the Lawsuit"). (ECF No. 1.) The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) — Plaintiff is a citizen of Vermont and Defendants are citizens of Nevada and the amount in controversy exceeds $75,000 (*id.* at 3.)

On August 19, 2016, before Defendants file their response to the Complaint, Intervenors moved to intervene under Fed. R. Civ. P. 24(b)[1]. Their main argument for intervention is that Rand is in custody and may not have the motivation or resources to litigate this case. (ECF No. 10 at 5.) Defendants oppose intervention, disputing the contention as to their lack of motivation or resources. (ECF No. 16.) Plaintiff similarly opposes intervention, raising several grounds, including the argument that the Court lacks jurisdiction to permit intervention if Intervenors seek to bring claims against Defendants. (ECF No. 18.) Intervenors responded that their purpose for intervening is clear such that a pleading is unnecessary, but they nevertheless attached a proposed answer in intervention. (ECF No. 29.)

The Magistrate Judge, relying on *Freedom From Religion Foundation, Inc. v. Geithner,* 644 F.3d 836 (9th Cir. 2011), found that because Intervenors are citizens of Nevada, complete diversity would be destroyed if intervention is permitted. (ECF No. 35.) Accordingly, the Magistrate Judge recommends denying intervention.

## III. DISCUSSION

The Magistrate Judge decided the Motion referred to her pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). In light Intervenors'

---

[1] Defendants have answered and asserted a number of counterclaims, including for bad faith and unfair trade practices. (ECF No. 14.)

objection, the Court has engaged in a *de novo* review to determine whether to adopt Magistrate Judge Cooke's recommendation.

Intervenors seek permissive intervention under Fed. R. Civ. P. 24(b). (ECF No. 10.) Rule 24(b)(1)(B) permits a court to allow anyone to intervene who submits a timely motion and "has a claim or defense that shares with the main action a common question of law or fact." A movant seeking permissive intervention must satisfy three threshold requirements: "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Geithner,* 644 F.3d at 843 (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470 (9th Cir. 1992)). But a district court has discretion to deny permissive intervention even if the applicant satisfies the threshold requirements. *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). In exercising its discretion, a court should consider whether intervention will unduly delay or prejudice the original parties, whether the applicant's interests are adequately represented by the existing parties, and whether judicial economy favors intervention. *Venegas v. Skaggs*, 867 F.2d 527, 530-31 (9th Cir. 1989).

The Magistrate Judge found that permissive intervention would destroy complete diversity because Intervenors and Defendants are Nevada residents. (ECF No. 35 at 3.) Relying on *Geithner,* the Magistrate Judge concluded that Intervenors have not met the jurisdictional requirement. *See Geithner,* 64 F.3d at 843 ("The jurisdictional requirement also prevents permissive intervention from being used to destroy complete diversity in state law actions."). Intervenors argue in their Objection that intervention would not affect the Court's diversity jurisdiction, nor allow Intervenors to gain a federal forum for their state law claims over which this Court lacks jurisdiction because they seek to align themselves with Defendants, not prosecute their state law claims against Defendants. (ECF No. 39 at 4-5.) Intervenors filed with their reply brief in support of their Motion a proposed answer in intervention. (ECF No. 29-1.) The Court accepts Intervenors' contention that because they would be litigating alongside Defendants and against

///

Plaintiff, Intervenors would in effect be intervenor-defendants in this case and their intervention would not destroy diversity jurisdiction.

However, the Court nevertheless finds that permissive intervention should be denied. Intervenors argue that they have a significant interest in being heard on the issues of coverage, which they need to protect in light of Rand's custody status and his motivation and resources to litigate this case. (ECF No. 10 at 5.) While Intervenors understandably have an interest in ensuring that coverage under the Policy extends to the Lawsuit, their interests are adequately represented by Defendants, who have a significant interest in ensuring coverage is available and that Plaintiff continue to defend the Lawsuit.[2] In fact, Defendants dispute the contention that Rand may not have the desire or means to litigate this case because of his custody status. (ECF No. 16.) As Defendants pointed out, they not only intend to defend, but have asserted counterclaims. Under these circumstances, permissive intervention would unnecessarily encumber the litigation and impede judicial economy.

## IV.  CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion and Objection.

It is therefore ordered that the Report and Recommendation of United States Magistrate Judge Valerie P. Cooke (ECF No. 39) is adopted in full. The motion to intervene (ECF No. 10) is denied.

DATED THIS 15th day of March 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff alleges it is defending Defendants from the Lawsuit under the Policy. (ECF No. 1 at 9.)

4