Michael W. Melendez
Nevada Bar No. 6741
COZEN O'CONNOR
101 Montgomery Street, Suite 1400
San Francisco, California 94104
Phone: (415) 644-0914
Fax: (415) 644-0978
Email: mmelendez@cozen.com

Shauna Martin Ehlert
*Admitted Pro Hac Vice*
COZEN O'CONNOR
999 Third Avenue, Suite 1900
Seattle, Washington 98104
Phone: (206) 340-1000
Fax: (206) 621-8783
Email: sehlert@cozen.com

Designation for Service Only:
Damon Schuetze
Nevada Bar No. 4047
Schuetze & McGaha
601 South Rancho Drive, Suite C-20
Las Vegas, NV 89106

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| MEDCHOICE RISK RETENTION GROUP, INC.<br><br>Plaintiff,<br><br>v.<br><br>ROBERT G. RAND. M.D., and RAND FAMILY CARE LLC<br><br>Defendant. | Case No. 3:16-cv-00418-MMD-VPC<br><br>**STIPULATED MOTION FOR PROTECTIVE ORDER** |

Pursuant to Federal Rule of Civil Procedure 26, Plaintiff MedChoice Risk Retention Group, Inc. ("MedChoice"), and Defendants Robert G. Rand, M.D. and Rand Family Care LLC (collectively "Rand") (collectively, MedChoice and Rand are referred to herein as the

"Parties"; individually each may be referred to as a "Party") deem it appropriate to limit the disclosure of certain confidential information, as set forth below, and MedChoice and Rand, by counsel, have stipulated and agreed to give effect to the stipulations set forth below.

IT IS HEREBY ORDERED THAT:

1. **Purposes and Limitations**. Disclosure and discovery activity in this Action is likely to involve production of confidential, proprietary, or private information for which special protection is warranted from:

    (a)    public disclosure;

    (b)    disclosure to the "Underlying Plaintiffs" (and their counsel) in the "Underlying Actions:"

> *Cyndi Papez Yenick et al. v. Robert Rand, M.D., et al.*, Washoe County District Court Case No. CV-16-01004 (the "Yenick Lawsuit"); and/or
>
> *Eric Zuhlke et al. v. Robert Rand, M.D., et al.*, Washoe County District Court Case No. CV16-01641 (the "Zuhlke Lawsuit") and/or
>
> *Don Robertson, II, et al. v. Robert Rand, M.D.; Rand Family Care*, Washoe County District Court, Case No. CV17-0099 (the "Fribourg Lawsuit")

(collectively, the Yenick Lawsuit, the Zuhlke Lawsuit, and the Fribourg Lawsuit are referred to herein as the "Underlying Actions"; each of the Plaintiffs in the Underlying Actions may be referred to as "Underlying Plaintiffs"); and

    (c)    use for any purpose other than this litigation.

The Parties therefore stipulate to and request entry of this Protective Order (the "Order") by the Court. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The Parties further acknowledge that this Order does not allow any Party to file anything under seal. The applicable rules, including Federal Rule of Civil Procedure 5.2 and LR IA 10-5 set forth the procedures that must be followed and reflect

the standards and procedures that will be applied when a Party seeks leave to file material under seal.

2. **Discovery Material.** Documents, discovery responses, including interrogatory responses, responses to requests for admission, etc., deposition testimony, photographs, videotapes, data and other materials, or portions thereof, produced in discovery in this Action by any of the Parties (the "Producing Party") may be designated as "Confidential" if the Producing Party reasonably and in good faith believes they contain confidential commercial, personal, financial, or proprietary information, medical records, or other confidential information not already part of the public domain, including all material, data, and information obtained, derived, or generated from such materials. Confidential Information shall include, but not be limited to:

(a) any claim investigation materials related to the Underlying Actions; and

(b) all materials protected by the joint attorney-client privilege and/or work product doctrine applicable to the Parties and created or derived from the defense of the Underlying Actions.

Such information shall be deemed "Confidential Information" and shall be subject to the provisions of this Order. The Party requesting the material shall be responsible for safeguarding all produced materials and information designated Confidential Information.

3. **Designation by Producing Party.** The designation of Confidential Information described in paragraph 2 above shall be made by stamping or labeling the document or portions thereof containing Confidential Information with the legend "**CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER**" prior to its production or, if inadvertently produced without a legend, by furnishing written notice of the inadvertent production specifically identifying documents which should have contained the legend. Confidential Information may also be designated in answers to interrogatories and responses to requests for admissions containing Confidential Information by including the words

"CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER" in the specific answers to interrogatories or responses to requests for admissions containing Confidential Information.

4. **Depositions**. Information identified as "Confidential" in accordance with this Order may be disclosed in deposition testimony, subject to the following:

Prior to disclosing such information at a deposition, counsel will note on the record that responses to a particular questions or series of questions contain or may contain Confidential Information and request the reporter to mark the first page of the deposition transcript as "Containing Confidential Information." Parties may also designate portions of the transcript as "Confidential" within twenty (20) days of receipt of the transcript by giving written notification to the opposing Party and the court reporter. Only those portions of the transcript designated as "Confidential" shall be considered Confidential Information. Until expiration of the 20-day period, the entire deposition will be treated as Confidential under this Order.

5. **Authorized and Unauthorized Uses of Confidential Information**. Materials marked "Confidential" by the Producing Party, and the information contained therein, shall be kept confidential, shall not be used, directly or indirectly, by any Party for any business, commercial or competitive purpose, or for any purpose other than the preparation and trial, including pre-trial motion practice and discovery, of this Action in accordance with the provisions of this Order without the express written consent of counsel for the Producing Party or by order of the Court. Access to and disclosure of Confidential Information shall be limited to those persons designated as Qualified Persons in paragraph 6 below. To avoid security risks currently inherent in certain current technologies and to facilitate compliance with the terms of this Order, and unless the Party whose Confidential Information is at issue agrees otherwise in writing, all Qualified Persons given access to Confidential Information as outlined in paragraph 6 below, shall keep all such information confidential from all other persons except as specifically provided in this Order.

6. **Qualified Persons.** Confidential Information may be disclosed only to the following persons ("Qualified Persons"):

   a. Parties, and personnel who work for Parties, and Parties' counsel and the clerical, technical, paralegal, and secretarial staff employed or retained by such counsel and the Parties' insurers, reinsurers, and retrocessionaires, if any, who need to review such information in connection with this Action;

   b. A Party's Experts and consultants whose assistance is necessary to assist the Parties' counsel of record in the preparation of the case, or to testify in this Action provided any such persons follow the procedure described in paragraph 7 below;

   c. A Party's deponent or a witness at trial or hearing in this Action, provided there is a reasonable basis to believe the disclosure is necessary to prepare the witness or that the witness will give relevant testimony regarding the Confidential Information;

   d. The Court or any Court personnel, including court reporters;

   e. A person identified in the document as a subject of the communication, or having authored or previously received the document; and

   f. Any person mutually agreed upon among the Parties.

   g. The Parties agree that none of the Underlying Plaintiffs nor their counsel, experts or consultants, or witnesses shall be Qualified Persons with regard to the information identified in 2(b) above. The Confidential Information identified in 2(b) above is specifically not to be disclosed to the Underlying Plaintiffs, their counsel, or any person acting on their behalf.

7. **Qualified Persons Bound by Order.** Before being given access to any Confidential Information, each Qualified Person, other than the persons identified in Paragraph 6(a) or those witnesses who are shown Confidential Information at a trial, deposition, or hearing as identified in paragraph 6(c) and persons identified in paragraph 6(d), shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree in

writing to be bound by the terms of this Order. Counsel for each Party shall maintain a list of all Qualified Persons to whom they or their client(s) have provided any Confidential Information, which list shall be available for inspection by the Court.

8. **Non-Disclosure to Competitors**. In no event shall any disclosure of Confidential Information be made to any competitor of MedChoice or to any person who, upon reasonable and good faith inquiry, could be determined to be an employee or consultant of any competitor of MedChoice, irrespective of whether they are retained as a consultant or expert by Rand in this Action.

9. **Filing Confidential Information**. Without written permission from the Producing Party or a court order, Confidential Information may not be filed in the public record, but may be filed under seal. Any Confidential Information that is filed must be filed under seal. A Party that seeks to file anything under seal must comply with applicable rules and orders concerning filings under seal, including Federal Rule of Civil Procedure 5.2 and LR IA 10-5. Confidential Information may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Information at issue. A sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or otherwise entitled to protection under the law. If a request to file under seal pursuant to Federal Rule of Civil Procedure 5.2 and LR IA 10-5 is denied, the submitting party may file the information in the public record, unless otherwise instructed by the court.

10. **Use of Confidential Information at Trial**. Information identified as "Confidential" in accordance with this Order may be disclosed in testimony at the trial of this Action or in other proceedings in this matter subject to the procedures identified above concerning filing confidential information and deposition testimony.

11. **Inadvertent Failure to Designate as Confidential Information**. Inadvertent failure to designate documents or information as Confidential Information shall not constitute a waiver of the Producing Party's claim to confidentiality, provided that the Producing Party

shall promptly notify the receiving Party in writing within ten (10) business days of such discovery. Upon receipt of such notice, each receiving Party shall treat the material identified in the notice as Confidential Information, consistent with the terms of this Order. Each receiving Party shall further notify every person or organization that received copies of or access to the material identified in the notice that such material contains Confidential Information, as defined by this Order. Disclosure of material to other persons and organizations prior to receipt of notice from the Producing Party is not a violation of this Order.

12. **No Waiver of Privilege**. This Order does not affect or constitute a waiver of any Party's right to withhold or redact information protected from disclosure by the attorney-client privilege, work product doctrine, or other applicable legal privilege. Inadvertent production of confidential documents subject to the attorney-client privilege, the work-product doctrine, or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege. The Party discovering the inadvertent production shall promptly notify the receiving Party in writing when it becomes aware of such inadvertent production. Within five (5) business days of receiving such notice, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the Producing Party or destroyed, upon request, and such returned or destroyed material shall be deleted from any litigation-support or other database. No use shall be made of such documents during deposition or at trial, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy them, unless otherwise permitted by the Court.

　　　a.   No less than twenty (20) business days after providing notification of inadvertently disclosed information, the Producing Party shall produce a privilege log listing such information.

b. The receiving Party may move the Court for an Order compelling production of the inadvertently disclosed information. Such motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production. On any such motion, the Producing Party shall retain the burden of establishing its privilege or work product claims. Nothing in this paragraph shall limit the right of any Party to petition the Court for an *in camera* review of the inadvertently disclosed information.

13. **Order Survives Termination of Actions**. This Order shall remain in full force and effect and survive the entry of any other Order resulting in termination of this Action, unless this Order is expressly modified or vacated by the Court, with all Parties having had notice and an opportunity to be heard.

14. **Disposition of Confidential Information**. Within sixty (60) days after the final conclusion of this Action, and to the extent permitted by law, the Parties and/or their counsel shall either return or destroy all materials designated as Confidential Information, including copies, extracts, and summaries thereof. This provision does not apply to (1) copies of any pleadings or other papers that have been filed with the Court; (2) any work product deemed "Confidential"; or (3) any documents designated "Confidential" with respect to which confidentiality has been successfully challenged in accordance with paragraph 16, below. Notwithstanding the foregoing, any insurance company Party or person may retain all Confidential Information received and all pleadings, briefs, memoranda, motions, and other documents containing work product which refer to or incorporate Confidential Information for so long as is necessary to comply with applicable regulatory record retention requirements, and will continue to be bound by the terms of this Protective Order with respect to all such retained Information.

15. **Court Retains Jurisdiction**. The Court shall retain jurisdiction over all persons or organizations authorized under paragraph 6 to receive Confidential Information for

the limited purpose of enforcing such return and enforcing the continuing obligations of confidentiality imposed by this Order.

16. **Challenges to Confidentiality Designation**. If a Party disagrees with the designation of materials or information as "Confidential," the Party challenging the designation and the Producing Party shall first try in good faith to informally resolve the dispute. The Party challenging the designation shall provide specific reasons as to why the materials or information are not properly designated as "Confidential." If it becomes necessary for the Court to resolve the dispute, the Party challenging the designation shall file the appropriate motion no more than thirty (30) days after the Parties' informal attempts to resolve the issue have failed. Pending the Court's decision on the motion, the information designated as "Confidential" shall be treated as though it were Confidential Information within the meaning of this Order. If the objecting Party does not file such a motion within thirty (30) days of the service of its objection(s) and the Producing Party has not agreed to extend the time for filing such a motion, the information designated as "Confidential" shall be treated as Confidential Information within the meaning of this Order. With respect to any motions relating to the confidentiality of documents or related information, the burden of justifying the designation shall lie with the Producing Party. All Parties retain the right to appeal the decision of the Court.

17. **Subpoena by Other Courts or Agencies**. If a Party (or its agent, officer, employee, representative, or attorney) receives a discovery request, subpoena, or other process seeking disclosure of Confidential Information, the Party shall immediately notify, via overnight mail and email, the Party, person, or entity who has designated the requested information or documents as "Confidential" that such a request has been made and shall provide that Party with an opportunity to file a motion for protective order or take other appropriate action prior to producing the requested information or documents.

18. **<u>Modification Permitted</u>**. Nothing contained in this Order shall prejudice the right of any Party to seek modification or amendment of this Order by further Court order, upon motion and notice.

**IT IS SO ORDERED.**

DATED_____, 2017.   _____

Through the undersigned counsel, the Parties consent to the entry of this Order.

DATED: 11/27/2017

COZEN O'CONNOR

_____
Shauna Martin Ehlert
*Admitted Pro Hac Vice*
COZEN O'CONNOR
999 Third Avenue, Suite 1900
Seattle, Washington 98104
Phone: (206) 340-1000
Fax: (206) 621-8783
Email: sehlert@cozen.com

Michael W. Melendez
Nevada Bar No. 6741
COZEN O'CONNOR
101 Montgomery Street, Suite 1400
San Francisco, California 94104
Phone: (415) 644-0914
Fax: (415) 644-0978
Email: mmelendez@cozen.com

*Attorneys for Plaintiff*

| | |
|---|---|
| DATED: 11/22/17 | PERRY & WESTBROOK<br>*[signature]*<br>Victor Alan Perry<br>Nevada Bar No. 0934<br>Perry & Westbrook<br>6490 South McCarran Blvd., Suite C-20<br>Reno, Nevada 89509<br>Phone: (775) 829-2002<br>Fax: (775) 829-14808<br>Email: vperry@perrywestbrook.com<br><br>*Attorney for Defendants* |

IT IS SO ORDERED

*[signature]*

U.S. MAGISTRATE JUDGE

DATED: November 30, 2017

329213146\1